## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **THE NATIONAL SHOOTING SPORTS FOUNDATION, INC.**<br>**11 Mile Hill Road**<br>**Newtown, Connecticut 06470**<br><br>Plaintiff,<br><br>v.<br><br>**KENNETH MELSON,**<br>**Acting Director,**<br>**BUREAU OF ALCOHOL, TOBACCO,**<br>**FIREARMS & EXPLOSIVES**<br>**99 New York Avenue, NE**<br>**Washington, DC 20226**<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)       Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## VERIFIED COMPLAINT

Plaintiff, The National Shooting Sports Foundation, Inc. ("NSSF"), for its Verified Complaint against the defendant Kenneth Melson, Acting Director of the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF"), states as follows:

## NATURE OF ACTION

1.      NSSF seeks declaratory and injunctive relief, including a writ of mandamus, against the Acting Director of ATF to prohibit him from enforcing ATF's demand that federally licensed firearm dealers and pawnbrokers in California, Texas, Arizona and New Mexico submit information to ATF regarding their sales of certain rifles to unlicensed persons. NSSF seeks a declaration that ATF's demand for information regarding these sales exceeds the scope of its statutory authority and violates federal statutory law. NSSF also requests preliminary and permanent injunctions prohibiting ATF from demanding the information requested. NSSF and its

members are committed to cooperating with ATF and other law enforcement agencies and assisting them in their efforts to investigate and enforce violations of firearms laws. However, Congress has conferred only limited authority on ATF to require federally-licensed firearms dealers to submit information regarding firearms sales. In this case, ATF's demand exceeds its authority and is prohibited under federal law.

## THE PARTIES

2.      NSSF is a Connecticut non-profit tax exempt corporation with its principal place of business in Connecticut. It is the trade association for the firearms, ammunition, and hunting and shooting sports industry. It has a membership of approximately 6,000 federally-licensed manufacturers, distributors and retailers. Among its members are companies that manufacture, distribute, and sell shooting and hunting related goods and services; sportsmen's organizations, public and private shooting ranges, gun clubs, publishers and individuals. NSSF's member include 789 federally-licensed firearms dealers located in California, Texas, Arizona and New Mexico. The NSSF's mission is to promote, protect and preserve hunting and the shooting sports by providing leadership in addressing industry challenges, advancing participation in and understanding of hunting and shooting sports, reaffirming and strengthening its members' commitment to the safe and responsible sale and use of their products, and promoting a political environment that is supportive of America's traditional hunting and shooting heritage and Second Amendment freedoms.

3.      Acting ATF Director Kenneth Melson has been delegated the authority within the United States Department of the Treasury to administer and enforce the provisions of the Gun Control Act, as amended by the Firearm Owners Protection Act of 1986, presently codified at 18

U.S.C. §§ 921 *et seq.*   Furthermore, the ATF is subject to Melson's supervision and control.  He is being sued in his official capacity.

## JURISDICTION

4.     Subject matter jurisdiction exists in this Court pursuant to 28 U.S.C. § 1331 because the claims asserted arise under the laws of the United States and the United States is a party to this controversy.  Subject matter jurisdiction also exists pursuant to 28 U.S.C. § 1361 because Plaintiff seeks a writ of mandamus to compel an officer or employee of the United States to perform a duty owed to the plaintiff.

## VENUE

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1) because ATF resides in this judicial district at  99 New York Avenue, NE, Washington D.C. 20226.

## STANDING

6.     The NSSF has standing to bring this action because the federally-licensed firearms dealers in California, Texas, Arizona and New Mexico who are members of the NSSF have been injured by ATF's demand and would have standing to bring this action in their own right.   Furthermore, the interests NSSF seeks to protect in this action are germane to its organizational purpose and neither the claims made by the NSSF nor the relief it requests requires the participation of any of its individual members.

## FACTS COMMON TO ALL COUNTS

7.     By letters dated in July 2011, the ATF demanded that each of the approximately 8,500 federally-licensed firearms dealers in California, Texas, Arizona and New Mexico begin submitting to the ATF on August 14, 2011 information regarding their multiple sales of certain rifles or face criminal penalties and license revocation. ATF's intention is to create a database

containing information on purchasers of certain rifles in these four states. A representative copy of ATF's demand letter is attached as Exhibit A, and was received by NSSF member Sportsman's Warehouse, a federally-licensed firearms retailer with licensed stores located in, *inter alia*, Rocklin, California, Mesa, Tucson and Phoenix, Arizona, and Albuquerque, New Mexico.

8.      ATF's decision to issue the demand letters and request information regarding multiple sales of certain rifles is a final agency action and not merely tentative or interlocutory in nature. A copy of Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives' Report of Multiple Sale or Other Disposition of Certain Rifles 30-day Notice, 76 Fed. Reg. 24,058 (April 29, 2011), is attached as Exhibit B. ATF's decision is an action by which rights or obligations have been determined and from which legal consequences will flow.

9.      ATF has demanded in its letter to the approximately 8,500 federally-licensed firearms dealers in California, Texas, Arizona and New Mexico that the dealers submit reports of multiple sales or other dispositions whenever they sell or otherwise dispose of, at one time or during any five consecutive business days, two or more semi-automatic rifles capable of accepting a detachable magazine, and with a caliber greater that .22 to an unlicensed person. ATF has not specified a period of time in which the reporting obligation is to exist but has stated that the obligation will continue indefinitely. ATF has demanded that the information be submitted on ATF Form 3310.12, Report of Multiple Sale or Other Disposition of Certain Rifles. A copy of ATF Form 3310.12 is attached as Exhibit C.

10.      The information demanded by ATF from federally-licensed firearms dealers in California, Texas, Arizona and New Mexico includes:  the date of transfer; the firearm dealer's

business or trade name; the name, address, sex, race and date of birth of the buyer; and the

model, serial number, manufacturer and caliber of the rifles sold.

11.    The information demanded by ATF from federally-licensed firearms dealers in

California, Texas, Arizona and New Mexico is to be submitted by the dealers to ATF's National

Tracing Center in Kearnysville, West Virginia where it will be recorded and maintained.

12.    Federally-licensed firearms dealers are not statutorily required to maintain records

reflecting the information demanded by ATF in its letter to these dealers and Congress has not

conferred statutory authority on ATF to collect the information demanded.  In response to the

Department of Justice Office of Inspector General's review of proposed ATF action "seeking a

requirement for reporting multiple sales of long guns[,]" the ATF itself questioned its authority

to impose such a new legal requirement:

> **Summary of ATF Response.**   ATF concurred with this
> recommendation, but noted that it may require a change to the *Gun
> Control Act,* which is beyond ATF's and the Department's
> authority. ATF stated that it would explore the full range of options
> to seek information regarding multiple sales of long guns.

A copy of the pertinent segment of the U.S. Department of Justice Office of the Inspector

General Evaluation and Inspections Division's *Review of ATF's Project Gunrunner* in November

2010, is attached as Exhibit D.

13.    The information demanded by ATF is not requested in the context of ongoing

bona fide criminal investigations.  To the contrary, ATF has required each and every federally-

licensed firearms dealer located in California, Texas, Arizona and New Mexico to submit the

information and reports regardless of their proximity to the Mexican border and regardless of

whether they make substantial sales of the rifles at issue, have a history of making sales of rifles

recovered in Mexico or are perceived by ATF to be a target of illegal firearm traffickers. ATF's

arbitrary demand for information and reports from these federally-licensed firearms dealers is not

incidental to any statutory function delegated to ATF by Congress.

14.     Congress has restricted ATF's authority to require federally-licensed firearms

dealers to submit information regarding their firearm sales. In pertinent part, 18 U.S.C. §

923(g)(1)(A), states as follows:

> [e]ach licensed importer, licensed manufacturer, and licensed
> dealer shall maintain such records of importation, production,
> shipment, receipt, sale, or other disposition of firearms at his place
> of business for such period, and in such form, as the Attorney
> General may by regulations prescribe. Such importers,
> manufacturers, and dealers shall not be required to submit to the
> Attorney General reports and information with respect to such
> records and the contents thereof, except as expressly required by
> this section.

18 U.S.C. § 923(g)(1)(A).   Under 18 U.S.C. § 923(g)(1)(A), federally-licensed firearms dealers

shall not be required to submit to ATF reports and information regarding their receipt, sale or

other disposition of firearms except as expressly required 18 U.S.C. §§ 921 *et seq.*

15.     Congress has restricted ATF's authority to collect records regarding firearms

transactions or dispositions.  Under 18 U.S.C. § 926(a), no rule or regulation may require records

prepared by federally-licensed firearms dealers to "be recorded at or transferred to a facility

owned, managed or controlled by the United States or any State or political subdivision thereof,

nor that any system of registration of firearms, firearms owners, or firearms transactions or

dispositions be established." *See* 18 U.S.C. § 926(a).

16.     Congress has limited ATF's authority to demand information from federally-

licensed firearms dealers by letter under 18 U.S.C. §923(g)(5)(a), which provides:

> [e]ach licensee shall, when required by letter issued by the
> Attorney General, and until notified the contrary in writing by the
> Attorney General, submit on a form specified by the Attorney
> General, for periods and at the times specified in such letter, all
> record information required to be kept by this chapter or such

> lesser record information as the Attorney General in such letter
> may specify.

Under this statutory provision, ATF may only demand by letter record information, or lesser record information, that licensees are required to keep under the provisions of 18 U.S.C. §§ 921 *et seq.*

17.     Federally-licensed firearms dealers are not required under 18 U.S.C. §§ 921 *et seq.* to keep information on or to track multiple sales or other dispositions of, at one time or during any five consecutive business days, two or more semi-automatic rifles capable of accepting a detachable magazine, and with a caliber greater than .22 to an unlicensed person.

18.     Congress, in contrast, has conferred statutory authority on ATF under 18 U.S.C. § 923(g)(3)(A) to collect from federally-licensed firearms dealers information on multiple sales or other dispositions of "pistols and revolvers[,]" whenever the licensee sells or disposes of, at one time or during five consecutive business days, two or more pistols and revolvers to an unlicensed person. In requiring submission of information regarding the sale or disposition of pistols and revolvers, Congress chose to not require submission of information regarding the sale or disposition of any other type of firearm, including semi-automatic rifles capable of accepting a detachable magazine and with calibers greater than .22.

19.     Federally-licensed firearms dealers located in California, Texas, Arizona and New Mexico, including those who are NSSF members (e.g., Sportsman's Warehouse), have been and will continue to be injured by ATF's demand that they submit reports of multiple sales or other dispositions of certain rifles. ATF's demand imposes additional record keeping obligations and devotion of additional resources to meeting those obligations. In addition, impacted dealers will be required to devote additional, significant time and resources to training employees on the record keeping requirement, and will have to create new and additional record keeping

procedures and systems to track sales of the rifles on different days to the same person. The additional obligations imposed by ATF's demand and its related impact on the federally licensed firearms dealers in these four states are not shared by federally licensed firearms dealers nationwide. Further, because ATF has characterized "[t]he information as mandatory and required by statute (18 U.S.C. 923(g)(5)(A))" and those licensees receiving the demand letters are subject to criminal penalties pursuant to 18 U.S.C. §924(a)(1)(D), including fines and imprisonment, for failing to comply with the obligation described in the demand letters, even though their actions are inadvertent or *de minimis*. These licensees are also subject to license revocation proceedings pursuant to 18 U.S.C. §923(e) for failing to comply the obligation described in the demand letters

## COUNT I – DECLARATORY RELIEF

20.     NSSF incorporates its allegations in paragraphs 1 through 19 as though fully set forth herein.

21.     NSSF seeks declaratory relief pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201-2202.

22.     ATF's demand for information on the multiple sales or other dispositions of certain rifles by federally-licensed firearms dealers in California, Texas, Arizona and New Mexico exceeds its authority under 18 U.S.C. §923(g)(1)(A) to require reports and information regarding firearm sales from licensees.

23.     ATF's demand for information on the multiple sales or other dispositions of certain rifles by federally-licensed firearms dealers in California, Texas, Arizona and New Mexico violates 18 U.S.C. §926(a) by requiring records prepared by federally-licensed firearms

dealers to "be recorded at or transferred to a facility owned, managed or controlled by the United States or any State or political subdivision thereof."

24.     ATF's demand for information on the multiple sales or other dispositions of certain rifles by federally-licensed firearms dealers in California, Texas, Arizona and New Mexico exceeds its authority under 18 U.S.C. §923(g)(5)(A) to request record information by letter from licensees.

## COUNT II –INJUNCTIVE RELIEF

25.     NSSF incorporates its allegations in paragraphs 1 through 24 as though fully set forth herein.

26.     Federally-licensed firearms dealers located in California, Texas, Arizona and New Mexico, including those who are NSSF members, will suffer imminent and irreparable injury should ATF enforce its letter demand for information and reports of multiple sales or other dispositions whenever they sell or otherwise dispose of, at one time or during any five consecutive business days, two or more semi-automatic rifles capable of accepting a detachable magazine, and with a caliber greater that .22 to an unlicensed person.

27.     Federally-licensed firearms dealers located in California, Texas, Arizona and New Mexico, including those who are NSSF members, will have no adequate remedy at law should ATF enforce(s) its letter demand for information and reports of multiple sales or other dispositions whenever they sell or otherwise dispose of, at one time or during any five consecutive business days, two or more semi-automatic rifles capable of accepting a detachable magazine, and with a caliber greater that .22 to an unlicensed person.

28.     There is a substantial likelihood of success on the merits of NSSF's claim that ATF's demand that federally-licensed firearms dealers in California, Texas, Arizona and New

Mexico submit reports of multiple sales or other dispositions whenever they sell or otherwise dispose of, at one time or during any five consecutive business days, two or more semi-automatic rifles capable of accepting a detachable magazine, and with a caliber greater that .22 to an unlicensed person exceeds ATF's statutory authority under 18 U.S.C. §923(g)(1)(A) and §923(g)(5)(A) and violates 18 U.S.C. §926(a).

29.     The balance of hardships favors the federally-licensed firearms dealers located in California, Texas, Arizona and New Mexico, including those who are NSSF members, who would be required to submit reports of multiple sales or other dispositions of certain rifles, devote additional, significant resources to meeting those reporting obligations and create new and additional record keeping procedures and systems to track sales of the rifles on different days to the same person. In contrast, ATF would suffer no hardship because its actions exceed its statutory authority and violate federal law. An order enjoining ATF's enforcement of its demand for information would return recordkeeping requirements required of the federally-licensed firearms dealers to the status quo, and ATF can more appropriately focus its investigative efforts without imposing hardships on all 8,500 federally-licensed firearms dealers located in California, Texas, Arizona and New Mexico.

30.     The public interest would not be adversely affected by an order enjoining ATF's enforcement of its demand for information from each of the approximately 8,500 federally-licensed firearms dealers in California, Texas, Arizona and New Mexico. ATF cannot justify its demand for information by showing that each of these dealers is a suspected target of illegal firearms traffickers or is suspected of being involved in illegal firearms trafficking. The public interest would be served by limiting ATF to actions coming within its statutorily-conferred authority.

**RELIEF REQUESTED**

WHEREFORE Plaintiff, National Shooting Sports Foundation, Inc., requests judgment be entered in its favor and against Defendant as follows:

1.    Enter a declaratory judgment that the ATF's letter demanding that federally-licensed firearms dealers in California, Texas, Arizona and New Mexico submit reports of multiple sales or other dispositions whenever they sell or otherwise dispose of, at one time or during any five consecutive business days, two or more semi-automatic rifles capable of accepting a detachable magazine, and with a caliber greater that .22 to an unlicensed person exceeds ATF's statutory authority under 18 U.S.C. §923(g)(1)(A) and §923(g)(5)(A), and violates 18 U.S.C. §926(a), and is otherwise unlawful.

2.    Issue preliminary and permanent injunctions and a writ of mandamus, requiring or otherwise compelling, defendant Melson and his officers, agents and employees, to:

(a)    refrain from mandating compliance with and completion of ATF Form 3310.12, Report of Multiple Sale or Other Disposition of Certain Rifles, and from enforcing ATF's demand that federally-licensed firearms dealers in California, Texas, Arizona and New Mexico submit reports of multiple sales or other dispositions whenever they sell or otherwise dispose of, at one time or during any five consecutive business days, two or more semi-automatic rifles capable of accepting a detachable magazine, and with a caliber greater that .22 to an unlicensed person;

(b)    destroy all ATF Form 3310.12, Report of Multiple Sale or Other Disposition of Certain Rifles, received; and

(c)    adhere to the operative language of 18 U.S.C. §926(a) stating in pertinent part that "[n]o such rule or regulation prescribed after the date of the enactment of the Firearms Owners' Protection Act may require that records required to be maintained under this chapter or any portion of the contents of such records, be recorded at or transferred to a facility owned, managed, or controlled by the United States or any State or any political subdivision thereof, nor that any system of registration of firearms, firearms owners, or firearms transactions or dispositions be established."

3.    Award plaintiff attorneys' fees and costs.

4.    Grant such other and further relief as may be proper.

Respectfully submitted,

**THE NATIONAL SHOOTING SPORTS FOUNDATION, INC.,** Plaintiff

By: _____
M. King Hill, III (D.C. Bar No. 462966)
Vincent E. Verrocchio (D.C. Bar No. 460429)
Venable LLP
575 7th Street, NW
Washington, DC 20004
(202) 344-4496
mkhill@Venable.com
veverrocchio@Venable.com

and

James B. Vogts (*pro hac vice* application forthcoming)
Andrew A. Lothson (*pro hac vice* application forthcoming)
SWANSON, MARTIN & BELL, LLP
330 North Wabash Avenue, Suite 3300
Chicago, Illinois 60611
(312) 923-8266
jvogts@smbtrials.com
alothson@smbtrials.com

-12-

Lawrence G. Keane (*pro hac vice* application forthcoming)
NATIONAL SHOOTING SPORTS FOUNDATION, INC
Flintlock Ridge Office Center
11 Mile Hill Road
Newtown, CT 06470-2359
(203)426-1320
lkeane@nssf.org

# VERIFICATION

I, Christopher Dolnack, after being first duly sworn on **oath**, depose and say, under **penalty of perjury**, that I have personal knowledge of the facts herein and if called as a witness I would testify competently as follows:

I am Senior Vice-President for The National Shooting Sports Foundation, Inc. ("NSSF"), and I am authorized to execute this verification on behalf of NSSF.  I have read the foregoing Verified Complaint in *The National Shooting Sports Foundation, Inc. v. Kenneth Melson, Acting Director, Bureau of Alcohol Tobacco & Firearms*, and I am informed and believe, to the best of my knowledge, that the contents thereof are true and correct.

I declare under penalty of perjury that the above is true and correct.

Executed on this ___1st___ day of August, 2011.


_Christopher Dolnack_


Subscribed and sworn to before me this ___1st___ day of ___August___, 2011.

_Mjoi A. Swart_
Notary Public for said County and State



My Commission expires:

___6/30/16___



14



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

---

Washington, DC 20226

www.atf.gov

OMB No. 1140-0100

July 12, 2011

Dear Federal Firearms Licensee:

To assist its efforts in investigating and combating the illegal movement of firearms along and across the Southwest border, ATF is requiring licensed dealers and pawnbrokers in Arizona, California, New Mexico and Texas to submit record information concerning multiple sales of certain rifles. ATF has the authority to issue this letter to collect such record information from federal firearms licensees (FFLs) under 18 U.S.C. § 923(g)(5), and that authority has been delegated by ATF's Acting Director to the Chief of the National Tracing Center.

You must submit to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) reports of multiple sales or other dispositions whenever, at one time or during any five consecutive business days, you sell or otherwise dispose of two or more semi-automatic rifles capable of accepting a detachable magazine and with a caliber greater than .22 (including .223/5.56 caliber) to an unlicensed person. You are required to report all such sales that occur on or after **August 14, 2011.** You must continue reporting multiple sales for the rifles subject to this demand letter until we provide written notice to stop.

The required information must be submitted on ATF Form 3310.12, Report of Multiple Sale or Other Disposition of Certain Rifles, no later than the close of business on the day the multiple sale or other disposition takes place. We have enclosed a copy of Form 3310.12 with this letter. You are encouraged to order additional forms at your earliest convenience by calling the ATF Distribution Center, 1519 Cabin Branch Drive, Landover, MD 20785, at (301) 583-4696. You may also order copies from ATF's website at www.atf.gov/forms. Further, we have created a fillable form that you may access through our website at www.atf.gov. You may use the fillable form by typing in the information regarding the sale, printing sufficient copies, and mailing or faxing the form in accordance with the instructions. Finally, you may, if you wish, make photocopies of the enclosed form and use those copies to submit multiple sales reports.

Be advised that, in addition to the record information required by this letter, licensees remain obligated to submit reports of multiple sales or other dispositions when the licensee sells or otherwise disposes of two or more pistols or revolvers, or any combination of pistols or revolvers

**EXHIBIT**

A

-2-

Federal Firearms Licensee

totaling two or more, to an unlicensed person at one time or during any five consecutive business days. 18 U.S.C. § 923(g)(3). Reports of multiple sales or other dispositions of handguns must be reported using ATF Form 3310.4, Report of Multiple Sale or Other Disposition of Pistols and Revolvers, and must be submitted in accordance with the instructions on that form, separately from the information required by this letter.

If you have any questions, please contact the National Tracing Center at 1-800-788-7133.



Charles Houser
Chief, National Tracing Center

Enclosure

### Paperwork Reduction Act Notice

This request is in accordance with the Paperwork Reduction Act of 1995. The information collection documents certain sales or other dispositions of certain rifles for law enforcement purposes. The information is used to determine whether the buyer *(transferee)* may be involved in unlawful activity, such as straw purchasing. The information requested is mandatory and required by statute (18 U.S.C. § 923(g)(5)).

The estimate average burden associated with this collection is 12 minutes per report by each respondent or recordkeeper, depending on individual circumstances. Comments concerning the accuracy of this burden estimate and suggestions for reducing this burden should be directed to Reports Management Officer, Document Services Section, Bureau of Alcohol, Tobacco, Firearms and Explosives, Washington, DC 20226.

An agency may not conduct or sponsor, and a person is not required to respond to a collection of information unless it displays a currently valid OMB control number.

Complaint alleges that the City's discharges from its sanitary sewer overflows ("SSOs") violate the Clean Water Act because the discharge of sewage violates limitations and conditions in the City's National Pollutant Discharge Elimination System (NPDES) permit.

Under the proposed Consent Decree, City will be required to implement injunctive measures to prevent SSOs and comply with its NPDES permit, including upgrade its wastewater treatment plant and sewer collection system. The City will perform a supplemental environmental project in which it will reconstruct four alleys in the City with permeable interlocking pavers. Finally the City will pay $205,000 in civil penalties to be split evenly between the United States and the State of Iowa.

The Department of Justice will receive comments relating to the proposed Consent Decree for a period of 30 days from the date of this publication. Comments should be addressed to the Assistant Attorney General, Environment and Natural Resources Division, and either e-mailed to pubcomment-ees.enrd@usdoj.gov or mailed to P.O. Box 7611, U.S. Department of Justice, Washington, DC 20044–7611, and should refer to *United States and the State of Iowa* v. *City of Dubuque*, D.J. Ref. 90–5–1–1–09339.

The proposed Consent Decree may be examined at the U.S. Environmental Protection Agency, Region 7, 901 N. Fifth St., Kansas City, KS 66101 (contact Associate Regional Counsel Christopher Muehlberger (913) 551–7623). During the public comment period, the proposed Consent Decree, may also be examined on the following Department of Justice Web site, to *http:// www.usdoj.gov/enrd/Consent_ Decrees.html.* A copy of the proposed consent decree may also be obtained by mail from the Consent Decree Library, P.O. Box 7611, U.S. Department of Justice, Washington, DC 20044–7611 or by faxing or e-mailing a request to Tonia Fleetwood (*tonia.fleetwood@usdoj.gov*), fax no. (202) 514–0097, phone confirmation number (202) 514–1547. In requesting a copy from the Consent Decree Library, please enclose a check in the amount of $12.50 (25 cents per page reproduction cost) payable to the U.S. Treasury or, if by email or fax, forward a check in that amount to the Consent Decree Library at the stated address.

Robert E. Maher, Jr.,
*Assistant Section Chief, Environmental Enforcement Section, Environment and Natural Resources Division.*

[FR Doc. 2011–10317 Filed 4–28–11; 8:45 am]
BILLING CODE 4410–15–P

## DEPARTMENT OF JUSTICE

### Bureau of Alcohol, Tobacco, Firearms, and Explosives

**[OMB Number 1140–NEW]**

### Agency Information Collection Activities; Proposed Collection Comments Requested: Report of Multiple Sale or Other Disposition of Certain Rifles

**ACTION:** 30-Day Notice.

The Department of Justice (DOJ), Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) will be submitting the following information collection request to the Office of Management and Budget (OMB) for review and approval in accordance with the Paperwork Reduction Act of 1995. The proposed information collection is published to obtain comments from the public and affected agencies. This proposed information collection was previously published in the **Federal Register** Volume 75, Number 242, page 79021 on December 17, 2010, allowing for a 60-day comment period. ATF received 12,680 comments from this collection (8928 commenters support the collection, and 3752 commenters opposed to the collection).

The purpose of this notice is to allow for an additional 30 days for public comment until May 31, 2011. This process is conducted in accordance with 5 CFR 1320.10. To ensure that comments on the information collection are received, OMB recommends that written comments be faxed to the Office of Information and Regulatory Affairs, OMB, *Attn:* DOJ Desk Officer, *Fax:* 202–395–7285, or e-mailed to *oira_submission@omb.eop.gov.* All comments should be identified with the OMB control number [1140–NEW]. Also include the DOJ docket number found in brackets in the heading of this document.

Comments and suggestions from the public and affected agencies concerning the proposed collection of information are encouraged. Your comments should address one or more of the following four points:
—Whether the proposed collection of information is necessary for the proper performance of the functions of the agency, including whether the information will have practical utility;
—The accuracy of the agency's estimate of the burden of the proposed collection of information, including the validity of the methodology and assumptions used;
—The quality, utility, and clarity of the information to be collected; and
—The burden of the collection of information on those who are to respond, including through the use of appropriate automated, electronic, mechanical, or other technological collection techniques or other forms of information technology, e.g., permitting electronic submission of responses.

### Overview of This Information Collection

(1) *Type of Information Collection:* New.

(2) *Title of the Form/Collection:* Report of Multiple Sale or Other Disposition of Certain Rifles

(3) *Agency form number, if any, and the applicable component of the Department of Justice sponsoring the collection:* Form Number: ATF F 3310.12. Bureau of Alcohol, Tobacco, Firearms and Explosives.

(4) *Affected public who will be required to respond, as well as a brief abstract: Primary:* Business or For-Profit. *Other:* None. *Abstract:* The purpose of this information collection is to require Federal firearms licensees to report multiple sales or other dispositions whenever the licensee sells or otherwise disposes of two or more rifles with the following characteristics: (a) Semi-automatic; (b) a caliber greater than .22 (including .223/5.56 caliber); and (c) the ability to accept a detachable magazine, to the same person at one time or during any five consecutive business days. This requirement will apply only to Federal Firearms Licensees (FFLs) that are dealers and/or pawnbrokers in Arizona, California, New Mexico and Texas.

(5) *An estimate of the total number of respondents:* ATF estimates that 8,479 respondents will be subject to the reporting requirement. However, ATF anticipates fewer than 30% of the potential respondents will be required to report multiple sales of the subset of rifles that is the subject of this collection. This estimate is based upon the fact that, during fiscal year 2010, 2,509 FFLs in the affected states submitted reports of multiple sales of hand guns. ATF estimates that a similar number of FFLs are likely to submit reports of multiple sales of the subject rifles.

EXHIBIT B

(6) *The estimated average burden per respondent:* In fiscal year 2010, 36,148 reports of multiple sales of hand guns sales were submitted by FFLs in the four southwest border states. Because the specified rifles ((a) semi-automatic; (b) a caliber greater than .22 (including .223/5.56 caliber); and (c) the ability to accept a detachable magazine) are a subset of the long gun category, we estimate we will receive 18,074 reports of multiple sale of the specified rifles from FFLs located in the four southwest border states. We estimate that each report will take 12 minutes to complete. If we receive 18,074 reports from 2,509 licensees the total burden is 3,615 hours. The estimated annual burden per respondent is 1 hour and 26 minutes.

If additional information is required contact: Lynn Murray, Department Clearance Officer, United States Department of Justice, Policy and Planning Staff, Justice Management Division, 2 Constitution Square, Room 2E–808, 145 N Street, NE., Washington, DC 20530.

Dated: April 25, 2011.

**Lynn Murray,**

*Department Clearance Officer, United States Department of Justice.*

[FR Doc. 2011–10355 Filed 4–28–11; 8:45 am]

**BILLING CODE 4410–FY–P**

---

## DEPARTMENT OF LABOR

### Office of the Secretary

### Agency Information Collection Activities; Submission for OMB Review; Comment Request; Compliance Information Report— Workforce Investment Act of 1998 and Complaint Information Form

**ACTION:** Notice.

**SUMMARY:** The Department of Labor (DOL) is submitting the Office of the Assistant Secretary for Administration and Management sponsored information collection request (ICR) titled, "Compliance Information Report— Workforce Investment Act of 1998 and Complaint Information Form," to the Office of Management and Budget (OMB) for review and approval for continued use in accordance with the Paperwork Reduction Act of 1995 (Pub. L. 104–13, 44 U.S.C. chapter 35).

**DATES:** Submit comments on or before May 31, 2011.

**ADDRESSES:** A copy of this ICR, with applicable supporting documentation; including a description of the likely respondents, proposed frequency of response, and estimated total burden may be obtained from the RegInfo.gov Web site, *http://www.reginfo.gov/ public/do/PRAMain* or by contacting Michel Smyth by telephone at 202–693–4129 (this is not a toll-free number) or sending an e-mail to *DOL_PRA_PUBLIC@dol.gov.*

Submit comments about this request to the Office of Information and Regulatory Affairs, Attn: OMB Desk Officer for the Department of Labor, Office of the Assistant Secretary for Administration and Management, Office of Management and Budget, Room 10235, Washington, DC 20503, Telephone: 202–395–6929/Fax: 202–395–6881 (these are not toll-free numbers), e-mail: *OIRA_submission@omb.eop.gov.*

**FOR FURTHER INFORMATION CONTACT:** Contact Michel Smyth by telephone at 202–693–4129 (this is not a toll-free number) or by email at *DOL_PRA_PUBLIC@dol.gov.*

**SUPPLEMENTARY INFORMATION:** This information collection is being submitted, because it is necessary that certain information be collected for the effective enforcement of DOL regulations implementing the nondiscrimination and equal opportunity provisions of Workforce Investment Act of 1998 (WIA) section 188. These regulations, 29 CFR part 37, apply to entities receiving financial assistance, in whole or in part, under Title I of the WIA. The Compliance Information Report and related information collections are designed to ensure that programs or activities funded in whole or in part by the DOL operate in a nondiscriminatory manner. The Report requires such programs and activities to collect, maintain, and report upon request from the Department, race, ethnicity, sex, age, and disability data for program applicants, eligible applicants, participants, terminees, applicants for employment, and employees. The Complaint Information Form provides a template allowing persons who wish to allege unlawful discrimination to provide the needed information.

This information collection is subject to the PRA. A Federal agency generally cannot conduct or sponsor a collection of information, and the public is generally not required to respond to an information collection, unless it is currently approved by the OMB under the PRA and displays a currently valid OMB Control Number. In addition, notwithstanding any other provisions of law, no person shall generally be subject to penalty for failing to comply with a collection of information if the collection of information does not display a currently valid OMB control number. See 5 CFR 1320.5(a) and 1320.6. The DOL obtains OMB approval for this information collection under OMB Control Number 1225–0077. The current OMB approval is scheduled to expire on May 31, 2011; however, it should be noted that information collections submitted to the OMB receive a month-to-month extension while they undergo review. For additional information, see the related notice published in the **Federal Register** on December 13, 2010 (75 FR 77663).

Interested parties are encouraged to send comments to the OMB, Office of Information and Regulatory Affairs at the address shown in the **ADDRESSES** section within 30 days of publication of this notice in the **Federal Register**. In order to help ensure appropriate consideration, comments should reference OMB Control Number 1225–0077. The OMB is particularly interested in comments that:

• Evaluate whether the proposed collection of information is necessary for the proper performance of the functions of the agency, including whether the information will have practical utility;

• Evaluate the accuracy of the agency's estimate of the burden of the proposed collection of information, including the validity of the methodology and assumptions used;

• Enhance the quality, utility, and clarity of the information to be collected; and

• Minimize the burden of the collection of information on those who are to respond, including through the use of appropriate automated, electronic, mechanical, or other forms of information technology, e.g., permitting electronic submission of responses.

*Agency:* Office of the Assistant Secretary for Administration and Management.

*Title of Collection:* Compliance Information Report—Workforce Investment Act of 1998 and Complaint Information Form

*OMB Control Number:* 1225–0077.

*Affected Public:* State, Local, and Tribal Governments.

*Total Estimated Number of Respondents:* 900.

*Total Estimated Number of Responses:* 39,234,443.

*Total Estimated Annual Burden Hours:* 218,461.

*Total Estimated Annual Costs Burden:* $0.

OMB No. 1140-0100

**U.S. Department of Justice**
Bureau of Alcohol, Tobacco, Firearms and Explosives

## Report of Multiple Sale or Other Disposition of Certain Rifles

**(Please complete all information)**

| 1. Date of Report | 2a. Federal Firearms Licensee (FFL) Number |
|---|---|

2b. Business or Trade Name and Address *(If you have complete information available on a rubber stamp, please place information here.)*

2c. Are any of the firearm(s) connected to another multiple sale? *(If yes, specify date)*  ☐ Yes  ☐ No  Date _____

2d. If you sold these firearms at a gun show or other qualifying event, identify the event and provide a complete address of the event.

3. Rifles Sold or Otherwise Disposed of to the Same Unlicensed Person at One Time or During Any Five Consecutive Business Days

| Serial Number | Manufacturer | Importer | Model | Caliber | Disposition Date |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

4. Transferee's Name *(Last, first, middle)*

5. Residence Address *(Number, street, city, county, state, zip code)*

| 6. Sex | 7. Race |
|---|---|
| | ☐ American Indian or Alaska Native   ☐ Asian   ☐ Native Hawaiian or Other Pacific Islander ☐ African American or Black   ☐ Hispanic or Latino   ☐ White   ☐ Other *(Specify)* |

| 8. Identification Number | 9. Type of Identification | 10. ID State | 11. Date of Birth | 12. Place of Birth *(City, county, state, country)* |
|---|---|---|---|---|

13. If the buyer of the firearms listed in item 4 is a person authorized to act on behalf of a corporation, company, association, partnership or other such business entity, you must record the following:
**Name and Address of Business Entity**

14. Additional Information Relating to the Transfer of the Firearms

| 15. Name of Employee Filling Out This Form | 16. Date This Form Was Completed |
|---|---|

**When Fax is Available, Please Fax to 1-877-283-0288.**



Copy 1 - ATF National Tracing Center

ATF Form 3310.12
Revised July 2011



U.S. Department of Justice
Office of the Inspector General
Evaluation and Inspections Division

# Review of
# ATF's Project Gunrunner

**November 2010**

**I-2011-001**



improve the exchange of strategic intelligence.  Our review found that ICE, an agency with a parallel mission to ATF's of combating firearms trafficking to Mexico, would benefit from receiving the same strategic intelligence products that ATF field agents told us are useful, including those produced by the Office of Strategic Intelligence and Information's Southwest Border Field Intelligence Support Team, the Violent Crime Analysis Branch, and other ATF intelligence entities.  However, ATF's response did not indicate how these meetings would be used to promote the regular exchange of such strategic intelligence or whether information exchange protocols were established at the meetings that have already been held.  In addition, while ATF described a coordination meeting scheduled in San Diego in October 2010, ATF did not indicate whether additional meetings would occur.

By February 15, 2011, please provide (a) a list of the meetings held between October 31, 2010, and January 31, 2011, (b) copies of the meeting agendas, (c) a list of the attendees at each of the meetings, and (d) a description of the information exchanged or agreed to be exchanged.

ATF's response did not mention the DEA.  During our review, we found that the systematic and regular exchange of strategic intelligence was not occurring between ATF and the DEA, despite officials from both agencies recognizing that such intelligence sharing is beneficial to their missions.  As stated in the report, the DEA has a significant amount of strategic intelligence on drug cartels that ATF officials stated would benefit Project Gunrunner, especially in the cartel-focused strategy that ATF will be adopting pursuant to its new emphasis on larger cases tied to specific drug cartels.

By February 15, 2011, please provide a detailed description of ATF's establishment of regular exchanges of strategic intelligence with the DEA, including (a) a list of any meetings held between October 31, 2010, and January 31, 2011, or the dates of any planned meetings, (b) copies of the meeting agendas, (c) a list of the attendees at each of the meetings, and (d) a description of the information exchanged or agreed to be exchanged.

**Recommendation 2.**  Work with the Department to explore options for seeking a requirement for reporting multiple sales of long guns.

**Status.**  Resolved – open.

**Summary of ATF Response.**  ATF concurred with this recommendation, but noted that it may require a change to the *Gun Control Act*, which is beyond ATF's and the Department's authority.  ATF stated that it would explore the full range of options to seek information regarding multiple sales of long guns.