**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE NATIONAL SHOOTING SPORTS ) <br> FOUNDATION, INC., ) <br>  ) <br> Plaintiff, ) <br> v. ) <br>  ) <br>  ) <br> KENNETH MELSON, Acting Director, ) <br> Bureau of Alcohol, Tobacco, Firearms ) <br> & Explosives, in his official capacity, ) <br>  ) <br> Defendant. ) <br> _____) | Civil Action No. 1:11-cv-01401-RMC |
| J & G SALES, LTD. and FOOTHILLS ) <br> FIREARMS, LLC, ) <br>  ) <br> Plaintiffs, ) <br> v. ) <br>  ) <br>  ) <br> KENNETH MELSON, Acting Director, ) <br> Bureau of Alcohol, Tobacco, Firearms ) <br> & Explosives, in his official capacity, ) <br>  ) <br> Defendant. ) <br> _____) | Civil Action No. 1:11-cv-01402-BAH |

**MEMORANDUM IN SUPPORT OF
<u>DEFENDANT'S UNOPPOSED MOTION TO CONSOLIDATE</u>**

**INTRODUCTION**

Kenneth Melson, Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") – the Defendant in both <u>National Shooting Sports Foundation, Inc. v. Melson</u>, No. 1:11-cv-1401-RMC ("<u>NSSF</u>"), and <u>J & G Sales, Ltd. and Foothills Firearms LLC v. Melson</u>, No. 1:11-cv-1402-JAH ("<u>J & G Sales</u>") – respectfully moves, pursuant to Fed. R. Civ. P. 42 and Local Civ. R. 40.5, to consolidate these two actions before this Court. Plaintiffs do not oppose consolidation of the two actions. Plaintiffs in both cases challenge ATF's authority to

1

require, pursuant to 18 U.S.C. § 923(g)(5)(A), certain federally licensed firearms dealers ("FFLs") in four Southwest Border States (Arizona, California, New Mexico, and Texas) to report the sale or other disposition of two or more semi-automatic rifles meeting certain specifications within five consecutive business days.[1]  Both complaints seek preliminary and permanent injunctions enjoining Defendant Melson and his officers, agents, and employees from enforcing this multiple sales reporting requirement and ordering them to destroy the information they have received pursuant to this requirement.  On August 10, 2011, Defendant filed a Notice of Related Case with each Court.[2]  Consolidation of these two actions is appropriate because, despite minor differences, both challenge the same agency action and present the same central legal issue.  Consolidation would thus serve the interests of judicial economy and eliminate the risk of inconsistent judgments.  Additionally, because both actions are at the same early stage of litigation, consolidation of these actions will not result in prejudice to any party.

## ARGUMENT

Federal Rule of Civil Procedure 42(a) provides that, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the action; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary

---

[1] 18 U.S.C. § 923(g)(5)(A) requires each licensee to, "when required by letter issued by the Attorney General, and until notified to the contrary in writing by the Attorney General, submit on a form specified by the Attorney General, for periods and at the times specified in such letter, all record information required to be kept by this chapter or such lesser record information as the Attorney General in such letter may specify."

[2]  As explained in the Notice of Related Case, counsel in J & G Sales have filed two additional identical complaints (differing only by the identity of the named plaintiff and the addition of local counsel) in two different districts.  See Notice of Related Case (NSSF v. Melson, No. 1:11-cv-1401-RMC, Docket No. 4) at 1 n.1 (listing separate actions filed in the District of New Mexico and the Western District of Texas).  Defendant has moved in those cases to transfer venue to this Court pursuant to 28 U.S.C. § 1404(a).

costs or delay."[3]  "Consolidation of actions under Rule 42(a) is a valuable and important tool of judicial administration." Hanson v. Dist. of Columbia, 257 F.R.D. 19, 21 (D.D.C. 2009) (internal alterations and citation omitted).  "It helps to relieve the parties and the court of the burden of duplicative pleadings and court orders." Id.  In accordance with this Rule, "the Court has discretion to consolidate civil actions when the cases share common issues of law or fact, consolidation would serve the interests of judicial economy, and the parties would not be prejudiced by consolidation." Judicial Watch, Inc. v. Dep't of Energy, 207 F.R.D. 8, 8 (D.D.C. 2002).  See also Am. Postal Workers Union v. U.S. Postal Serv., 422 F. Supp. 2d 240, 245 (D.D.C. 2006) ("courts weigh considerations of convenience and economy against considerations of confusion and prejudice" in deciding whether to consolidate actions) (citation omitted).

The two actions at issue in this motion are appropriate for consolidation because the resolution of both will turn largely on how the Court answers one central question: whether ATF exceeded its authority by requiring FFLs in the Southwest Border States to report multiple sales or other dispositions of certain semi-automatic rifles.  Both complaints allege that the multiple sales reporting requirement set forth in ATF's July 12, 2011 letter to FFLs violates the terms of the Gun Control Act, 18 U.S.C. § 921 et seq., and exceeds the authority delegated to ATF under that Act.  Consolidation of these actions before a single judge will avoid duplicative review of this legal question and therefore serves the interest of judicial economy.  This is particularly true here where both complaints include in their prayers for relief both preliminary and permanent injunctions.  See Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of the Fed. Reserve Sys.,

---

[3]  Local Rule 40.5(d) provides that "[m]otions to consolidate cases assigned to different judges of this court shall be heard and determined by the judge to whom the earlier-numbered case is assigned.  If the motion is granted, the later-numbered case shall be reassigned in accordance with section (c) of this Rule."

770 F. Supp. 2d 283, 287 (D.D.C. 2011) (granting defendant's motion to consolidate over plaintiffs' objection where both plaintiffs sought temporary restraining order and preliminary injunctive relief challenging agency's authority to act on the ground that "[b]oth actions will be based upon the same administrative record and much of the same law"). As the court explained in National Association of Mortgage Brokers, "the gains in terms of convenience, efficiency, prompt resolution of demands for injunctive relief, and reduced burden on the time and resources of both the Court and the litigants militate strongly in favor of consolidation." Id. The exact same factors weigh in favor of consolidation here. Because both plaintiffs' challenges will turn on the same legal issues, "consolidation will promote the interests of judicial economy, consistency, timeliness and convenience, without being likely to trigger any substantial risk of inconvenience, prejudice, delay, or expense for the Court or the litigants." Id. See also Judicial Watch, 207 F.R.D. at 9 (consolidating two actions brought by different plaintiffs where the "legal issues most likely will be the same in both cases"); Hanson, 257 F.R.D. at 22 (consolidating cases brought against the District of Columbia by different plaintiffs seeking to possess handguns because "consolidation would save time and effort for the court and for the defendants by resolving this issue in one proceeding rather than two"); Mylan Pharms., Inc. v. Henney, 94 F. Supp. 2d 36, 43 (D.D.C. 2000) (consolidating two actions brought by different plaintiffs because they both challenge the same agency action), vacated on other grounds, 276 F.3d 627 (D.C. Cir. 2002); Clarke v. Cash, 840 F. Supp. 158, 160 (D.D.C. 1993) (granting motion to consolidate where complaint raised "common questions of law and fact" and "consolidation would reduce administrative costs and delays").

Consolidation will also avoid the risk of conflicting results in the two actions. See Nat'l Ass'n of Mortg. Brokers, 770 F. Supp. 2d at 286 ("risk of inconsistent rulings on common . . .

legal questions" favors consolidation); Judicial Watch, 207 F.R.D. at 9 ("interest of . . . preventing potentially inconsistent rulings" rendered consolidation "appropriate"). The concern about inconsistent rulings is particularly strong here, where ATF is seeking immediately to implement a reporting requirement in four different states. The possibility of inconsistent rulings on separate motions for preliminary relief by two different judges in the same District could leave this new requirement in a state of uncertainty.

The differences between these two actions are peripheral and do not undermine the strong justifications for consolidation. The NSSF lawsuit expressly seeks a writ of mandamus (in addition to declaratory judgment and preliminary and permanent injunctions) compelling the Defendant to refrain from mandating compliance with the reporting requirement and to destroy all ATF Forms 3310.12, Report of Multiple Sale or Other Disposition of Certain Rifles, received. The J & G Sales lawsuit challenges the ATF multiple sales reporting requirement on the ground that it violates a provision contained in the Consolidated Appropriations Act of 2010, Pub. L. No. 111-117, 123 Stat. 3034, 3128 (2009), in addition to the Gun Control Act, 18 U.S.C. § 921 et seq. These differences do not negate the two lawsuits' fundamental similarities or undercut the strong justifications for consolidation. The consolidation of actions is appropriate regardless of the presence of different claims or different issues of law or fact; it is sufficient if there is any common question of law or fact. See Mylan Pharms., 94 F. Supp. 2d at 44 ("consolidation is proper to *any or all* matters in issue which are common") (emphasis in original); 9A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, 9A Fed. Prac. & Proc. § 2382 (3d ed. 1998) (existence of one common question of law suffices for consolidation).

Consolidation of these two actions will not impede the ability of any plaintiff to pursue any separate claims. See Hanson, 257 F.R.D. at 22 ("The parties are fully able to brief—and the

court is capable of rendering a well-reasoned judgment on—multiple issues within the context of one unified civil action."); Mylan Pharms., 94 F. Supp. 2d at 43 (consolidation is "permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another") (quoting Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97 (1933)).

Nor will consolidation of these actions prejudice any plaintiff. Cf. Nat'l Ass'n of Mortg. Brokers, 770 F. Supp. 2d at 286 (court should weigh risk of prejudice posed by consolidation against risk of inconsistent rulings and increased burdens posed by separate proceedings). These cases were filed on the same day, and both are in the very early stages of litigation. Defendant has not responded to the complaints, and neither plaintiff has filed a single substantive motion. Both cases should be heard on the administrative record, which will be identical in each case. Therefore, consolidating these actions at this early stage will not prejudice any party.

## CONCLUSION

For the reasons set forth above, the Court should find that consolidation of National Shooting Sports Foundation, Inc. v. Melson, No. 1:11-cv-1401-RMC, and J & G Sales, Ltd. and Foothills Firearms LLC v. Melson, No. 1:11-cv-1402-JAH, is appropriate and grant Defendant's unopposed motion.

Dated: August 15, 2011　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　TONY WEST
　　　　　　　　　　　　　　　　　　　　　　　Assistant Attorney General

　　　　　　　　　　　　　　　　　　　　　　　RONALD MACHEN
　　　　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　　　　     /s/ Lesley Farby                    
　　　　　　　　　　　　　　　　　　　　　　　SANDRA M. SCHRAIBMAN
　　　　　　　　　　　　　　　　　　　　　　　(D.C. Bar No. 188599)

                                          Assistant Director
                                          DANIEL RIESS (Texas Bar)
                                          LESLEY FARBY (D.C. Bar No. 495625)
                                          JESSICA LEINWAND (New York Bar)
                                          Trial Attorneys
                                          U.S. Department of Justice
                                          Civil Division, Rm. 7220
                                          20 Massachusetts Avenue, NW
                                          Washington, D.C. 20530
                                          Telephone: (202) 514-3481
                                          Fax: (202) 616-8470
                                          Email: Lesley.Farby@usdoj.gov
                                          *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of August, 2011, I caused the foregoing document to be served via electronic case filing.

                                          /s/ Lesley Farby
                                          Lesley Farby