UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE NATIONAL SHOOTING SPORTS FOUNDATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> KENNETH MELSON, Acting Director, Bureau of Alcohol, Tobacco, Firearms & Explosives, in his official capacity, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No. 1:11-cv-01401-RMC
(consolidated with 11-cv-1402)

### MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND FOR ENTRY OF A BRIEFING SCHEDULE

Defendant Kenneth Melson, Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), hereby moves for an extension of time to respond to Plaintiff's motion for preliminary injunction and for entry of a briefing schedule. In support of this motion, Defendant states as follows:

1. On August 3, 2011, Plaintiff National Shooting Sports Foundation ("NSSF") filed a Complaint challenging ATF's authority to require, pursuant to 18 U.S.C. § 923(g)(5)(A), certain federally licensed firearms dealers ("FFLs") in four Southwest Border States (Arizona, California, New Mexico, and Texas) to report the sale or other disposition of two or more semi-automatic rifles meeting certain specifications within five consecutive business days. The same day, the National Rifle Association ("NRA"), through named plaintiffs J & G Sales Ltd. and Foothills Firearms LLC, filed a Complaint challenging the same agency action by ATF.

2. The reporting requirement challenged in both cases went into effect on August 14, 2011.

3. On August 18, 2011, this Court ordered these two actions to be consolidated. (Docket No. 10).

4. On August 22, 2011, Plaintiff NSSF filed a motion for preliminary injunction. (Docket No. 11). Pursuant to Local Rule 65.1(c) and Fed. R. Civ. P. 6(d), Defendant's opposition to Plaintiff's preliminary injunction motion is due on September 1, 2011, unless otherwise ordered by the Court.

5. Plaintiff NSSF requests an expedited hearing on its motion pursuant to Local Rule 65.1(d). That Rule states: "On request of the moving party together with a statement of the facts which make expedition essential, a hearing on an application for preliminary injunction shall be set by the court no later than 21 days after its filing, unless the court earlier decides the motion on the papers or makes a finding that a later hearing date will not prejudice the parties." NSSF failed to include in its motion a statement of facts which make expedition essential.

6. An expedited hearing is not necessary in this case because a later hearing date will not prejudice the parties. Plaintiff NSSF alleges that its members are irreparably harmed as a result of the pecuniary losses they allegedly have incurred and allegedly will continue to incur in complying with this reporting requirement. However, NSSF's delay in seeking a preliminary injunction undermines any claim that NSSF or its members will be prejudiced if this Court does not grant its request for expedited hearing. NSSF has been aware of this reporting requirement for at least six weeks but waited until the reporting requirement had already been in effect for over a week before moving for a preliminary injunction. The United States Department of Justice announced the multiple sales reporting requirement on July 11, 2011. The following day, July 12, 2011, NSSF issued a statement that it planned to

file a lawsuit challenging ATF's legal authority to require the reporting of multiple sales of semi-automatic rifles. See http://www.nssfblog.com/atf-requiring-multiple-sales-reporting-of-long-guns-firearms-industry-to-file-suit/. NSSF filed this lawsuit over three weeks later, on August 3, 2011, and waited nearly three additional weeks before moving for a preliminary injunction.

7. The reporting requirement involves completing a one-page form documenting the sale of two or more qualifying semi-automatic rifles within five business days. See Affidavit of Matt French, Ex. A (Docket No. 11-4). The information collected on the form is information that FFLs have long been required to record and retain for all firearms sales. The reporting requirement does not prohibit any FFL or customer from engaging in any transaction. Moreover, because the reporting requirement has already taken effect, the most significant part of any alleged cost to NSSF members has already been incurred, as indicated by the affidavit NSSF submitted with its preliminary injunction motion. See id. ¶¶ 5-9. NSSF therefore has not met its burden of demonstrating that an expedited hearing is essential, nor has it shown that it will be prejudiced absent an expedited hearing.

8. Additionally, the other Plaintiffs in these consolidated cases have informed Defendant that they intend to move for a preliminary injunction in this case "within 5-7 days of Monday, August 22, 2011." See Ron Peterson Firearms, LLC v. Melson, No. 11-cv-00678 (D.N.M.) (Docket No. 15). In the course of conferring with counsel for J & G Sales and Foothills Firearms regarding this motion, counsel indicated that he may not file his motion for preliminary injunction by August 29, 2011.

9. Given the similarity between the two complaints in these consolidated cases, Defendant expects that the two preliminary injunction motions will raise similar if not identical legal

and factual issues. See also Order Consolidating Cases (Docket No. 10) ("the Court has determined that there are common issues of law and fact that necessitate the consolidation of" the two cases). Therefore, it would serve the interests of the parties and the Court to address these two motions together. Moreover, both cases present straightforward legal questions regarding ATF's statutory authority that this Court can resolve on a motion for summary judgment. Defendant expects to produce the Administrative Record for these consolidated cases and move for summary judgment in short order, well in advance of the 60 days afforded to Defendant to file a responsive pleading under Fed. R. Civ. P. 12(a)(2). Therefore, this Court could consider the merits of these actions together with the motions for preliminary injunction pursuant to Fed. R. Civ. P. 65(a)(2) on an expeditious but reasonable briefing schedule. This schedule would ultimately lead to an efficient final resolution of this controversy, as the Court would likely issue a final judgment sooner than if the Court bifurcated consideration of the preliminary injunction motions and the merits of the lawsuits.

10. Furthermore, as noted in the Notice of Related Case (Docket No. 4) and Motion to Consolidate Cases (Docket No. 9), counsel for Plaintiffs J & G Sales and Foothills Firearms has filed two virtually identical complaints in two different districts. These three actions were all initiated by the NRA as part of a concerted effort by that organization to challenge ATF's action in the federal courts. See NRA Press Release (Ex. 1); see also http://nraila.org/2Alitigation/ (explaining that NRA filed three lawsuits challenging ATF's multiple sales reporting requirement in the District of Columbia, New Mexico, and Texas). Defendant has moved to transfer venue of the New Mexico and Texas lawsuits to this Court, and those motions are currently pending.

11. For the reasons stated above, Defendant respectfully requests that the Court enter the following briefing schedule:

    a. Plaintiffs J & G Sales and Foothills Firearms shall file any motion for preliminary injunction no later than September 2, 2011.

    b. Defendant shall file his opposition to both preliminary injunction motions; produce the Administrative Record; and file his motion for summary judgment no later than September 23, 2011.

    c. Plaintiffs shall file their reply briefs in support of their motions for preliminary injunction and oppositions to Defendant's motion for summary judgment no later than October 14, 2011.

    d. Defendant shall file his reply in support of his motion for summary judgment no later than November 2, 2011.

12. In the alternative, Defendant respectfully requests that the Court hold a status conference with all parties to set a briefing schedule.

13. Pursuant to Local Rule 7(m), counsel for Defendant has conferred with counsel for Plaintiff NSSF and counsel for Plaintiffs J & G Sales and Foothills Firearms regarding the relief sought in this motion.  All plaintiffs oppose the briefing schedule proposed in this motion.

Dated: August 23, 2011                                             Respectfully submitted,


                                                  TONY WEST
                                                  Assistant Attorney General

                                                  RONALD MACHEN
                                                  United States Attorney

                                                     /s/ Lesley Farby
                                                  SANDRA M. SCHRAIBMAN
                                                  (D.C. Bar No. 188599)

                Assistant Director
                DANIEL RIESS (Texas Bar)
                LESLEY FARBY (D.C. Bar No. 495625)
                JESSICA LEINWAND (New York Bar)
                Trial Attorneys
                U.S. Department of Justice
                Civil Division, Rm. 7220
                20 Massachusetts Avenue, NW
                Washington, D.C. 20530
                Telephone: (202) 514-3481
                Fax: (202) 616-8470
                Email: Lesley.Farby@usdoj.gov
                *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 22nd day of August, 2011, I caused the foregoing document to be served via electronic case filing.

                /s/ Lesley Farby
                Lesley Farby