IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE NATIONAL SHOOTING <br> SPORTS FOUNDATION, INC. <br><br> Plaintiff, <br><br> v. <br><br> KENNETH MELSON, <br> Acting Director, <br> BUREAU OF ALCOHOL, <br> TOBACCO, FIREARMS & EXPLOSIVES <br><br> Defendant | Case No. 1:11-cv-01401-RMC <br> (consolidated with 11-cv-1402) |

**NSSF'S RESPONSE TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

The National Shooting Sports Foundation, Inc. ("NSSF") responds to defendant's Motion for Extension of Time to Respond to Plaintiff's Motion for Preliminary Injunction and for Entry of a Briefing Schedule [Dkt. 12], and respectfully requests that defendant's motion be denied. NSSF renews its requests that its Motion for Preliminary Injunction [Dkt. 11] be treated in an expedited manner under Local Rule 65.1(d).

Defendant requests that a hearing on NSSF's Motion for Preliminary Injunction be substantially delayed to give him time to prepare and file a motion for summary judgment on the merits of NSSF's claims for declaratory and injunctive relief. Defendant is attempting to deprive NSSF of its right to seek and obtain preliminary injunctive relief restoring the status quo until the merits of NSSF's claims are reached by the Court. While the defendant has the right to move for summary judgment on NSSF's claims, there is no basis to delay consideration of NSSF's motion for preliminary injunction.

1

Contrary to defendant's assertion in his motion, NSSF did provide a statement of facts which makes expedited handling of its motion for preliminary injunction essential. In its Motion for Preliminary Injunction, NSSF specifically referred the Court to its Memorandum in Support of Motion for Preliminary Injunction (Dkt. 11-1, hereinafter "Memorandum") as "support of . . . its request for an expedited hearing." (*See* NSSF's Mot. for Prelim. Inj., Dkt. 11 at p. 2). NSSF's Memorandum sets forth an extensive Statement of Facts and a clear description of the irreparable, imminent and on-going harm suffered by the approximately 8,500 federal firearms licensees located in Arizona, California, New Mexico and Texas who were arbitrarily directed by ATF to adopt new record keeping procedures and to report information on their lawful sales of certain rifles. (*See* Dkt. 11-1 at pp. 1-9).

The defendant's attempt to downplay the extent of the burden imposed on these licensees is unpersuasive. The occurrence of multiple sales of rifles is not "information that FFL's have long been required to record and retain," as defendant contends. (Def.'s Mot. for Ext., Dkt. 12, ¶ 7). As NSSF demonstrated in its Memorandum, ATF's demand requires these licensees to create new record keeping protocols to capture the occurrence of reportable multiple sales and undeniably requires them to devote time and resources to reporting those sales each day that ATF's statutory authority to demand the reports goes unexamined by the Court.

A further reason to promptly consider ATF's authority to require reporting by these licensees is that the balance of hardships clearly favors NSSF members. ATF imposed the record keeping and reporting requirement on these licensees only because they are located in states that share a border with Mexico. They were not selected because they have been identified as having sold firearms later recovered in Mexico and traced. ATF's demand is not made in the

context of any bona fide ongoing criminal investigation.  ATF has not identified a discreet law enforcement need for the reports.

Furthermore, during the many months in which ATF considered making its letter demand, and questioned its own authority to do so, these licensees and the ATF conducted their business and law enforcement activities, respectively, under the existing statutory and regulatory status quo which does not require the record keeping and reporting that is now demanded by ATF.  (*See* Ver. Compl., Dkt. 1 at ¶12; *see also* OIG Report on Project Gunrunner, Nov. 2010, Appendix V, available at http://www.justice.gov/oig/reports/ATF/e1101.pdf (last visited on Aug. 23, 2011) (Kenneth Melson letter of Oct. 21, 2010, at p. 6, stating in pertinent part, "ATF concurs, but notes that this may require a change to the Gun Control Act which is beyond ATF's and the Department's authority.")).  ATF will not suffer any hardship if the status quo is returned through expeditious consideration and issuance of a preliminary injunction.

Defendant's claim that NSSF delayed seeking a preliminary injunction and that its alleged delay "undermines any claim that NSSF or its members will be prejudiced" if the Court delays consideration of the motion for preliminary injunction ignores the facts demonstrating ongoing, irreparable harm to NSSF's members. (*See* Def.'s Mot. for Ext., Dkt. 12, ¶ 6). Moreover, NSSF filed its Verified Complaint on August 3, 2011, within days of receipt of ATF's demand letter on July 28, 2011 by one of its members.  NSSF did not file its Verified Complaint before it learned that one of its members had received the demand letter in order to properly plead specific and required facts supporting its allegation of associational standing and its claims for declaratory and injunctive relief.  *See Gordon v. Holder*, 632 F.3d 722, 724 (D.C. Cir. 2011) (pre-enforcement challenges may present ripeness concerns).  NSSF then filed its motion for preliminary injunction on August 22, 2011, just six business days after the effective date of the

reporting obligation on August 14, 2011.  In short, NSSF has not delayed placing its request for preliminary injunctive relief before the Court.

NSSF is mindful that judicial resources should be conserved when possible, provided that the substantive rights of the parties are not affected.   But NSSF's request for preliminary injunctive relief should not be set aside for months while defendant's summary judgment motion is fully briefed.  In the interim, the substantive rights of 8,500 businesses which are now required to keep new records and report information that Congress did not authorize ATF to collect, are, and will continue to be, irreparably harmed.

In sum, defendant should be ordered to respond to NSSF's Motion for Preliminary Injunction as required under Local Rule 65.1(c).  Should the co-plaintiffs file a similar motion for preliminary injunctive relief that raises matters requiring a further response, defendant will have time to file a further response before an expedited hearing under Local Rule 65.1(d).

Dated: August 23, 2011                    Respectfully submitted,

                              **THE NATIONAL SHOOTING**
                              **SPORTS FOUNDATION, INC.,** Plaintiff

                              By:  /s/ *James B. Vogts*_____
                                   One of Its Attorneys

                              M. King Hill, III (D.C. Bar No. 462966)
                              Vincent E. Verrocchio (D.C. Bar No. 460429)
                              Venable LLP
                              575 7th Street, NW
                              Washington, DC 20004
                              (202) 344-4496
                              mkhill@Venable.com
                              veverrocchio@Venable.com

                              James B. Vogts (admitted *pro hac vice*)
                              Andrew A. Lothson (admitted *pro hac vice*)
                              SWANSON, MARTIN & BELL, LLP
                              330 North Wabash Avenue, Suite 3300

Chicago, Illinois  60611
(312) 923-8266
jvogts@smbtrials.com
alothson@smbtrials.com


Lawrence G. Keane (admitted *pro hac vice*)
NATIONAL SHOOTING SPORTS FOUNDATION, INC
Flintlock Ridge Office Center
11 Mile Hill Road
Newtown, CT 06470-2359
(203)426-1320
lkeane@nssf.org

**CERTIFICATE OF SERVICE**

I hereby certify on this 23rd day of August, 2011, that a true and correct copy of the foregoing **NSSF'S RESPONSE TO DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** was served via ECF, to the following:

**Daniel Riess**
U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW
Washington, DC 20530
(202) 353-3098
Fax: (202) 616-8460
Email: daniel.riess@usdoj.gov

**Lesley R. Farby**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs
20 Massachusetts Avenue, NW
Washington, DC 20530
(202) 514-3481
Fax: (202) 616-8470
Email: lesley.farby@usdoj.gov

/s/*James B. Vogts*
James B. Vogts