UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE NATIONAL SHOOTING SPORTS FOUNDATION, INC., <br><br> Plaintiff, <br><br> v. <br><br><br> KENNETH MELSON, Acting Director, <br> Bureau of Alcohol, Tobacco, Firearms <br> & Explosives, in his official capacity, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:11-cv-01401-RMC <br> ) (consolidated with 11-cv-1402) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND FOR ENTRY OF A BRIEFING SCHEDULE**

Defendant Kenneth Melson, Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), files this reply brief in support of his motion for an extension of time to respond to Plaintiff National Shooting Sports Foundation's ("NSSF") motion for preliminary injunction and for entry of a briefing schedule.

1. The facts presented in NSSF's opposition brief actually undermine its contention that expedited consideration of its preliminary injunction motion is warranted here. On July 12, 2011, NSSF issued a statement that it planned to file the present lawsuit. See http://www.nssfblog.com/atf-requiring-multiple-sales-reporting-of-long-guns-firearms-industry-to-file-suit. Indeed, NSSF concedes that one of its members received ATF's demand letter on July 28, 2011. Nevertheless, NSSF deliberately waited until August 22 – nearly four weeks after receipt of the letter, and a week after the reporting requirement took effect – to file its

1

motion for a preliminary injunction.  Such unwarranted delay cuts strongly against any notion that an expedited hearing of NSSF's preliminary injunction motion is necessary.

2. Furthermore, as noted in Defendant's opening brief, the other plaintiffs in these consolidated cases (J & G Sales Ltd. and Foothills Firearms LLC) have indicated that they intend to file an *additional* motion for preliminary injunction in short order.  It is inimical to the efficient use of judicial resources to require Defendant to respond to NSSF's motion for a preliminary injunction on an expedited basis, and for the Court to hear that motion on an expedited basis (and potentially rule on that motion), only to have plaintiffs J & G Sales and Foothills Firearms then file a similar preliminary injunction motion shortly thereafter, which would then require Defendant to respond to that motion, and the Court to consider substantially similar factual and legal issues for a second time.

3. Contrary to NSSF's representation, Defendant is not attempting to delay the Court's consideration of NSSF's preliminary injunction motion in order to allow Defendant to move for summary judgment on NSSF's claims.  Defendant sought to consolidate briefing on the preliminary injunction motion with briefing on the merits pursuant to Fed. R. Civ. P. 65(a)(2) in order to expedite a final resolution of this matter.  Because NSSF did not serve the U.S. Attorney's Office with the complaint until August 22, the same day it filed its preliminary injunction motion, Defendant's response would not be due until 60 days thereafter.  Under the proposed briefing schedule, then, Defendant would be filing a responsive brief over a month before the due date.  However, if the Court prefers not to consolidate briefing on the preliminary injunction motion and the merits, Defendant would still seek more time in order to file a consolidated response to Plaintiff NSSF's motion and the expected preliminary injunction

motion from Plaintiffs J & G Sales and Foothills Firearms.

4.     Although NSSF now claims that it complied with Local Rule 65.1(d) by referring the Court to its memorandum in support of its motion for preliminary injunction (Doc. No. 11-1), NSSF is incorrect, as the Rule clearly contemplates the submission of a separate statement of facts articulating why expedition is allegedly necessary.  Moreover, even if NSSF were correct that facts set forth elsewhere in the record could satisfy the Rule, the factual statement in its preliminary injunction memorandum fails to establish any need for an expedited hearing.

5.     Contrary to NSSF's contention, and as pointed out in Defendant's opening brief, the occurrence of multiple sales of semi-automatic rifles is, in fact, information that federal firearms licensees ("FFLs") have long been required to record and maintain.  FFLs are required to keep certain records regarding the acquisition and disposition of firearms pursuant to 18 U.S.C. § 923(g)(1)(A).  Included among these records is a Firearms Transaction Record, ATF Form 4473 (attached as Ex. 1), which must be completed *any time* a licensee transfers a firearm to a non-licensee.  27 C.F.R. § 478.124.  Form 4473 must contain the transferee's name, address, date and place of birth, country of citizenship, and a certification by the transferee that he or she is not prohibited from receiving or possessing the firearm(s) to be transferred.  Also required are the firearm's manufacturer, type, model, gauge or caliber, and its serial number.  Moreover, FFLs have long been required to retain the Form 4473, "in alphabetical (by name of purchaser), chronological (by date of disposition), or numerical (by transaction serial number) order."  27 C.F.R. § 478.124(b).  Thus, the burden alleged by NSSF is not sufficient to justify expedited consideration of its preliminary injunction motion, nor to defeat Defendant's reasonable request for an extension of time to respond to that motion.  Indeed, NSSF's opposition does not dispute

that the most significant cost allegedly borne by its members has already been incurred.  See French Aff. ¶ 8 (estimating that Sportsman's Warehouse spent a total of 40 hours developing a computer program to capture multiple sales at its five FFL stores and that, going forward, one employee will spend a total of 10 to 60 minutes per day to create and disseminate a multiple sales report for those FFLs).  This is hardly a significant burden requiring an immediate ruling by this Court, nor did NSSF consider it burdensome enough to seek a temporary restraining order or preliminary injunction before the effective date of the reporting requirement, and before the FFLs had already expended time and resources to comply with that requirement.

      6.      For the reasons discussed above, Defendant disputes NSSF's contention that the balance of hardships favors NSSF members.  Defendant also disputes NSSF's contention that ATF will not suffer any hardship and that the public interest will not be harmed if the reporting requirement already in effect is suspended or otherwise enjoined.  It is beyond dispute that "[v]iolence associated with organized crime and drug trafficking in Mexico is widespread, resulting in tens of thousands of deaths."  See U.S. Department of Justice, Office of the Inspector General, Review of ATF's Project Gunrunner i (Nov. 2010), *available at* www.justice.gov/oig/reports/ATF/e1101.pdf.  Also well-documented is the fact that "drug traffickers have turned to the United States as a primary source of weapons, and these drug traffickers routinely smuggle guns from the United States into Mexico."  See id.  The reporting requirement is intended to inhibit the flow of semiautomatic, high-caliber firearms into Mexico, which will deprive Mexican drug trafficking organizations of such weapons.  Reporting of multiple sales will significantly enhance the ability of law enforcement to reduce violence along the Southwest border.  See id. at 39-40 (recognizing that "reporting multiple sales of handguns

generates timely, actionable investigative leads," and recommending that ATF and the U.S. Department of Justice "explore options for seeking a requirement for reporting multiple sales of long guns").

For the foregoing reasons, and the reasons stated in Defendant's opening brief, the Court should grant Defendant's motion for an extension of time to respond to Plaintiff's motion for preliminary injunction, and enter the briefing schedule proposed by Defendant.

Dated: August 24, 2011　　　　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　　　TONY WEST
　　　　　　　　　　　　　　　　　　　　　　　Assistant Attorney General


　　　　　　　　　　　　　　　　　　　　　　　RONALD C. MACHEN JR.
　　　　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　　　　    /s/ Daniel Riess        
　　　　　　　　　　　　　　　　　　　　　　　SANDRA M. SCHRAIBMAN
　　　　　　　　　　　　　　　　　　　　　　　Assistant Director
　　　　　　　　　　　　　　　　　　　　　　　DANIEL RIESS (Texas Bar)
　　　　　　　　　　　　　　　　　　　　　　　JESSICA LEINWAND (New York Bar)
　　　　　　　　　　　　　　　　　　　　　　　LESLEY FARBY (D.C. Bar No. 495625)
　　　　　　　　　　　　　　　　　　　　　　　Trial Attorneys
　　　　　　　　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　　　　　　　Civil Division, Rm. 6122
　　　　　　　　　　　　　　　　　　　　　　　20 Massachusetts Avenue, NW
　　　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20530
　　　　　　　　　　　　　　　　　　　　　　　Telephone: (202) 353-3098
　　　　　　　　　　　　　　　　　　　　　　　Fax: (202) 616-8460
　　　　　　　　　　　　　　　　　　　　　　　Email: Daniel.Riess@usdoj.gov
　　　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 24th day of August, 2011, I caused the foregoing document to be served via electronic case filing.

      /s/ Daniel Riess
      Daniel Riess