```
             IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA

J & G SALES, LTD.                )
                                 )
and                              )
                                 )
FOOTHILLS FIREARMS, LLC          )
                                 )
       Plaintiffs                )
                                 )
   v.                            )    11-1401-RMC
                                 )
KENNETH MELSON                   )
                                 )
       Defendant                 )
```

**REQUEST FOR EXPEDITED HEARING ON PLAINTIFFS'
APPLICATION FOR A PRELIMINARY INJUNCTION**

COME NOW Plaintiffs, by counsel, and move the court, pursuant to LCvR 65.1(d), for an expedited hearing on Plaintiffs' application for a preliminary injunction.

The following facts make expedition essential. Since August 14, 2011, Plaintiffs have been required to prepare and submit to the National Tracing Center ("NTC") of the Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF") a report (on a form created by ATF) of the sale or other disposition to an unlicensed person of two or more semi-automatic rifles of greater than .22 caliber (including .223/5.56) capable of accepting a detachable magazine within five (5) consecutive business days. The report must be submitted "no later than the close of business on the day the multiple sale or other disposition takes place." Letter of July 12, 2011, from Charles Houser, Chief, NTC. To comply with this requirement, Plaintiffs have had to devote employee time to training employees about the reports and to preparing the

reports, and Plaintiffs have had to establish, and continue to maintain, a system to determine whether a customer has purchased a qualifying rifle within the past five (5) consecutive business days.[1] If the reports are not timely provided to the NTC, Plaintiffs would be subject to revocation of their licenses under 18 U.S.C. § 923(e)[2] and possibly criminal prosecution.[3]  Further, Plaintiffs have potentially suffered, and will continue to suffer, the loss of business from both in-state and out-of-state potential purchasers of qualifying rifles who would have bought such rifles but have been dissuaded from doing so because they wish to protect their privacy rights.

Finally, the privacy rights of Plaintiffs' customers will continue to be infringed because the customers' personal information[4] will be

---

[1] For example, a customer could purchase one qualifying rifle on Monday from one salesman, and then, on Friday, purchase a second qualifying rifle from another salesman.

[2] "(e) The Attorney General may, after notice and opportunity for hearing, revoke any license issued under this section if the holder of such license has willfully violated any provision of this chapter or any rule or regulation prescribed by the Attorney General under this chapter . . . ."

[3] Plaintiffs do not believe that criminal prosecution is warranted.  18 U.S. C. § 924(a)(1)(D) punishes any person who "willfully violates any other provision of this chapter" with five years imprisonment.  Failure to respond to a demand letter is not a "violation" of "this chapter."  This refers to crimes specified in § 922, not to civil obligations specified in § 923.  Moreover, § 924(a)(3)(B) is not applicable, as it punishes any licensee who knowingly "violates subsection (m) of section 922" with no more than one year imprisonment.  § 922(m) makes it unlawful for a licensee knowingly "to fail to make appropriate entry in, or to fail to properly maintain, any record which he is required to keep pursuant to section 923 of this chapter or regulations promulgated thereunder."  Failing to report is not the same as making an appropriate entry in or fail to properly maintain a required record.

[4] The form requires the purchaser's name, residence address, sex, race, identification number, identification type, identification State, date and place of birth, as well as the serial numbers, manufacturers, importers, models, and calibers of the rifles.

provided to, and maintained by, the NTC.[5]

CONCLUSION

The court should expedite the hearing on Plaintiffs' application for a preliminary injunction.

Respectfully submitted,

J & G SALES, LTD.
FOOTHILLS FIREARMS, LLC
By Counsel

/s/
Richard E. Gardiner
D.C. Bar # 385916
Suite 403
3925 Chain Bridge Road
Fairfax, VA 22030
(703) 352-7276
(703) 359-0938 (fax)
regardiner@cox.net

/s/
Stephen P. Halbrook
D.C. Bar # 379799
Suite 403
3925 Chain Bridge Road
Fairfax, VA 22030
(703) 352-7276
(703) 359-0938 (fax)
protell@aol.com

---

[5] J&G and Foothills have standing to raise their customers' privacy rights under *Powers v. Ohio,* 499 U.S. 400, 410-411 (1991)("We have recognized the right of litigants to bring actions on behalf of third parties, provided three important criteria are satisfied: the litigant must have suffered an "injury-in-fact," thus giving him or her a "sufficiently concrete interest" in the outcome of the issue in dispute, (citation omitted); the litigant must have a close relation to the third party, (citation omitted); and there must exist some hindrance to the third party's ability to protect his or her own interests.").