UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE NATIONAL SHOOTING SPORTS FOUNDATION, INC., <br><br> Plaintiff, <br> v. <br><br> KENNETH MELSON, Acting Director, Bureau of Alcohol, Tobacco, Firearms & Explosives, in his official capacity, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 1:11-cv-01401-RMC <br> )       (consolidated with 11-cv-1402) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED HEARING ON PLAINTIFFS' APPLICATION FOR PRELIMINARY INJUNCTION**

Defendant Kenneth Melson, Acting Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), files this opposition to Plaintiffs' J & G Sales, Ltd. and Foothills Firearms, LLC (collectively, "J & G Sales") motion for expedited hearing on their motion for preliminary injunction.

1. An expedited hearing is not necessary in this case because a later hearing date will not prejudice the parties. The multiple sales reporting requirement that J & G Sales challenge was announced by ATF on July 11, 2011 and took effect August 14, 2011. J & G Sales waited nearly four weeks after receiving ATF's demand letter, which officially informed them of the reporting requirement, and nearly two weeks after the requirement's effective date, to file their preliminary injunction motion. Such unwarranted delay cuts strongly against any notion that an expedited hearing on J & G Sales' preliminary injunction motion is necessary.

1

2. In support of their motion for expedition, J & G Sales claim that they have already "had to devote employee time to training employees about the reports and to preparing the reports," and that they have had to "establish, and continue to maintain, a system to determine whether a customer has purchased a qualifying rifle within the past five (5) consecutive business days." Pl. Mot. for Expedited Hearing (Docket No. 17) at 1-2. J & G Sales' own allegations suggest they have already incurred the most significant part of the costs associated with this reporting requirement.

3. Moreover, the occurrence of multiple sales of semi-automatic rifles is, in fact, information that federal firearms licensees ("FFLs") have long been required to record and maintain. FFLs are required to keep certain records regarding the acquisition and disposition of firearms pursuant to 18 U.S.C. § 923(g)(1)(A). Included among these records is a Firearms Transaction Record, ATF Form 4473 (attached as Ex. 1), which must be completed *any time* a licensee transfers a firearm to a non-licensee. 27 C.F.R. § 478.124. Form 4473 must contain the transferee's name, address, date and place of birth, country of citizenship, and a certification by the transferee that he or she is not prohibited from receiving or possessing the firearm(s) to be transferred. Also required are the firearm's manufacturer, type, model, gauge or caliber, and its serial number. FFLs have long been required to retain the Form 4473, "in alphabetical (by name of purchaser), chronological (by date of disposition), or numerical (by transaction serial number) order." 27 C.F.R. § 478.124(b). In short, J & G Sales' vague and unsubstantiated allegations regarding the time and resources required to comply with the multiple sales reporting requirement are not sufficient to justify expedited consideration of their preliminary injunction motion, or to defeat Defendant's reasonable request for an

extension of time to respond to that motion. J & G Sales apparently did not consider the requirement burdensome enough to seek a temporary restraining order or preliminary injunction before the reporting requirement took effect, and before they had already allegedly expended time and resources to comply with it.

4. To the extent J & G Sales contend that the threat of revocation of their licenses justifies an expedited hearing on their motion, this contention is meritless because, before any such revocation would occur, FFLs would be entitled to receive notice, participate in an administrative hearing, and if necessary, appeal an unfavorable decision to a federal district court for *de novo* review. 18 U.S.C. § 923(f). Additionally, FFLs would certainly be entitled to due process in connection with any criminal prosecution for failure to comply with the reporting requirement.

5. J & G Sales also maintain that the privacy rights of their customers will be infringed because the customers' "personal information will be provided to and maintained by the [National Training Center]." Pl. Mot. at 2-3. The only information required by the new ATF Form 3310.12, Report of Multiple Sale or Other Disposition of Certain Rifles, is information that FFLs already were required to maintain, see Ex. 1, and to which ATF already had access under certain circumstances. See 18 U.S.C. § 923(g)(1). For the past 36 years, FFLs have been required to report this information to ATF whenever they sell two or more pistols or revolvers to an unlicensed person at one time, or during any five consecutive business days. See 18 U.S.C. § 923(g)(3)(A); 27 C.F.R. § 478.126a. In addition, this information is prohibited from disclosure by ATF pursuant to the Privacy Act, 5 U.S.C. § 552a, and the Tiahrt Amendments to federal appropriations bills, Pub. L. No. 111-117 (codified as Note to 18 U.S.C. § 923).

For the foregoing reasons, the Court should deny J & G Sales' motion for an expedited hearing on their application for a preliminary injunction and enter the briefing schedule proposed by Defendant in his motion for extension of time to respond to Plaintiff National Shooting Sports Foundation's motion for preliminary injunction and for entry of a briefing schedule (Docket No. 12).

Dated: August 29, 2011                    Respectfully submitted,

                                          TONY WEST
                                          Assistant Attorney General

                                          RONALD C. MACHEN JR.
                                          United States Attorney

                                              /s/ Jessica Leinwand
                                          SANDRA SCHRAIBMAN (D.C. Bar No. 188599)
                                          Assistant Director
                                          DANIEL RIESS (Texas Bar)
                                          JESSICA LEINWAND (New York Bar)
                                          LESLEY FARBY (D.C. Bar No. 495625)
                                          Trial Attorneys
                                          U.S. Department of Justice
                                          Civil Division, Rm. 6122
                                          20 Massachusetts Avenue, NW
                                          Washington, D.C. 20530
                                          Telephone: (202) 305-8628
                                          Fax: (202) 616-8460
                                          Email: Jessica.B.Leinwand@usdoj.gov

                                          *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 29th day of August, 2011, I caused the foregoing document to be served via electronic case filing.

                                         /s/ Jessica Leinwand
                                         Jessica Leinwand