```
            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA

J & G SALES, LTD.                 )
                                  )
and                               )
                                  )
FOOTHILLS FIREARMS, LLC           )
                                  )
        Plaintiffs                )
                                  )
    v.                            )    11-1401-RMC
                                  )
KENNETH MELSON                    )
                                  )
        Defendant                 )
```

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' REQUEST FOR EXPEDITED HEARING ON PLAINTIFFS' APPLICATION FOR A PRELIMINARY INJUNCTION**

1) Defendant asserts that an expedited hearing is not necessary because "a later hearing date will not prejudice the parties." Opposition 1. While a later hearing date will not prejudice Defendant, it will certainly prejudice Plaintiffs as they have to continue to maintain their systems for determining whether a customer has purchased a qualifying rifle within the past five (5) consecutive business days, have to continue to prepare the reports, and continue to lose business from both in-state and out-of-state potential purchasers of qualifying rifles who would have bought such rifles. Plaintiffs' filing of their motion for a preliminary injunction 12 days after the effective date of the reporting requirement is hardly an "unwarranted delay" given the extent of the legal arguments made in the motion.

2) The fact that Plaintiffs have already trained some employees and have established systems to determine whether a customer has purchased a qualifying rifle within the past five (5) consecutive

-1-

business days does not mean that they have "have already incurred the most significant part of the costs associated with this reporting requirement." Opposition 2. On the contrary, the most significant costs associated with the reporting requirement are the on-going costs of maintaining the verification system, the on-going cost of preparing the reports, and the on-going loss of business from potential purchasers. And the longer the reporting requirement remains in place, the more significant the on-going costs will become, at some point out-pacing the up-front costs already incurred for establishing the verification system.

3) It is false that "the occurrence of multiple sales of semi-automatic rifles is, in fact, information that federal firearms licensees ("FFLs") have long been required to record and maintain." Opposition 2. Indeed, Defendant does not point to any regulation which so requires. The only regulation which Defendant references is the regulation requiring a Form 4473 to be completed each time a firearm (or more than one firearm) is sold by an FFL to an individual, which requires a description of the firearm(s) sold. If two rifles are sold to the same individual on different days, two separate Forms 4473 are required to be completed and retained, and no third form is required to record the fact that the two sales occurred. Moreover, as Defendant states, FFLs are required to "retain" the Form 4473 ("in alphabetical (by name of purchaser), chronological (by date of disposition), or numerical (by transaction serial number) order."). Opposition 2. There is no requirement to report the sale to the National Tracing

Center (or any other agency).[1]

4) Defendant asserts that the possibility of a license revocation does not justify an expedited consideration because, "before any such revocation would occur, FFLs would be entitled to receive notice, participate in an administrative hearing, and if necessary, appeal an unfavorable decision to a federal district court for *de novo* review." Opposition 3.  The fact that a licensee's right to procedural due process is protected does not lessen the possibility that its license will be revoked if there is a violation of the reporting requirement. What Defendant does not contradict is that ATF would initiate revocation of Plaintiffs' licenses if they failed to file the reports. Thus, the threat of license revocation is very real unless an injunction is issued.

5) In response to Plaintiffs' concerns about their customers' privacy rights, Defendant asserts that the information required to be reported "is information that FFLs already were required to maintain" and "to which ATF already had access under certain circumstances." Opposition 3.  While it is true that the information required to be reported is information that FFLs already were required to maintain, the reporting requirement obviously means that the information is no longer merely "maintain[ed]" by the FFL, but is entered into a

---

[1] Indeed, the fact that the Forms 473 were retained by the dealer was significant to the enactment of the Gun Control Act.  Senator James McClure provided the following explanation: "The central compromise of the Gun Control Act of 1968 – the *sine qua non* for the entry of the Federal Government into any form of firearms regulation was this:  Records concerning gun ownership would be maintained by dealers, not by the Federal Government and not by State and local governments."  131 Cong. Rec. S9163-64 (July 9, 1985).

government database.  This is directly contrary to the "central compromise of the Gun Control Act of 1968" – that "[r]ecords concerning gun ownership would be maintained by dealers, not by the Federal Government and not by State and local governments."  131 Cong. Rec. S9163-64 (July 9, 1985).  Moreover, the "circumstances" under which "ATF already had access" to the information are expressly limited by statute to be sensitive to Fourth Amendment and privacy concerns.[2]  In particular, § 923(g)(1)(B)(i) authorizes inspection of licensee records "without such reasonable cause or warrant" in the "course of a reasonable inquiry during the course of a criminal investigation of a person or persons other than the licensee"; § 923(g)(1)(B)(ii) authorizes inspection of licensees to ensure compliance with record-keeping requirements "not more than once during any 12-month period" and "at any time with respect to records relating to a firearm involved in a criminal investigation that is traced to the licensee"; and § 923(g)(1)(B)(iii) authorizes inspection of licensee records when "required for determining the disposition of one or more particular firearms in the course of a bona fide criminal investigation."

The fact that the information required to be reported "is prohibited from disclosure by ATF" does not alleviate the privacy concern of Plaintiffs' customers since it is the Government's possession of their information about which they are concerned – and about which Congress was concerned as evidenced by its enactment of 18

---

[2] *United States v. Biswell,* 406 U.S. 311, 317 (1972)("inspection may proceed without a warrant where specifically authorized by statute.").

U.S.C. § 926(a)[3] and the Consolidated Appropriations Act, 2010, Pub.L. 111-117, div. B, tit. 2, 123 Stat. 3034, 3128 (2009).[4]

## CONCLUSION

The court should expedite the hearing on Plaintiffs' application for a preliminary injunction.

Respectfully submitted,

J & G SALES, LTD.
FOOTHILLS FIREARMS, LLC
By Counsel

/s/
Richard E. Gardiner
D.C. Bar # 385916
Suite 403
3925 Chain Bridge Road
Fairfax, VA 22030
(703) 352-7276
(703) 359-0938 (fax)
regardiner@cox.net

---

[3] § 926(a) provides in part that the Attorney General may not promulgate a "rule or regulation" which would:

> require that records required to be maintained under this chapter or any portion of the contents of such records, be recorded at or transferred to a facility owned, managed, or controlled by the United States . . . .

[4] That act provides appropriations for necessary expenses of the ATF, with the following proviso:

> Provided, That no funds appropriated herein shall be available for salaries or administrative expenses in connection with consolidating or centralizing, within the Department of Justice, the records, or any portion thereof, of acquisition and disposition of firearms maintained by Federal firearms licensees . . . .

The Department of Defense and Full-Year Continuing Appropriations Act for the 2011 fiscal year, Pub.L. 112-10, div. B., tit. 1, § 1101(a)(6), 125 Stat. 38, 102-03 (2011), continued the Consolidated Appropriations Act, 2010, in effect until September 30, 2011.

```
                                /s/
                                Stephen P. Halbrook
                                D.C. Bar # 379799
                                Suite 403
                                3925 Chain Bridge Road
                                Fairfax, VA 22030
                                (703) 352-7276
                                (703) 359-0938 (fax)
                                protell@aol.com
```