**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE NATIONAL SHOOTING SPORTS FOUNDATION, INC., <br><br>    Plaintiff, <br><br>    v. <br><br> B. TODD JONES, Acting Director, Bureau of Alcohol, Tobacco, Firearms & Explosives, in his official capacity. <br><br>    Defendant. | Civil Action No. 1:11-cv-01401 (RMC) <br> (consolidated with 1:11-cv-01402) |

**MOTION OF THE BRADY CENTER TO PREVENT GUN VIOLENCE**
**FOR LEAVE TO FILE BRIEF AMICUS CURIAE**

The Brady Center to Prevent Gun Violence (the "Brady Center"), by its undersigned counsel, hereby moves, pursuant to LCvR 7, for leave to file the attached brief *amicus curiae* in support of the Defendant's Motion for Summary Judgment. The Brady Center is the nation's largest non-partisan, non-profit organization dedicated to reducing gun violence through education, research, and legal advocacy. Over the last twenty years, through its Legal Action Project, the Brady Center has filed numerous *amicus curiae* briefs in cases involving both state and federal gun laws.

The grounds for the motion are set forth in the accompanying memorandum of points and authorities. Pursuant to LCvR 7(m), Counsel for Defendant consents to the relief sought in this Motion for Leave to File Brief Amicus Curiae. Counsel for Plaintiffs, however, refuses to provide such consent.

WHEREFORE, the Brady Center prays for entry of an Order granting leave to file the accompanying brief *amicus curiae*.

Dated: September 27, 2011	Respectfully submitted,

/s/ Steven G. Reade
Steven G. Reade (D.C. Bar No. 370778 )
Aarash A. Haghighat (D.C. Bar No. 997228)
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C.  20004-1206
Telephone: 202.942.5000
Facsimile: 202.942.5999

Michael Schissel (New York Bar)
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY 10022-4690
Telephone: 212.715.1000
Facsimile: 212.715.1399

Jonathan E. Lowy (D.C. Bar No. 418654)
Daniel R. Vice (D.C. Bar No. 465905)
Brady Center to Prevent Gun Violence
Legal Action Project
1225 Eye St. NW, Suite 1100
Washington, D.C. 20005
Telephone: 202.289.7319
Facsimile: 202.371.9615

*Counsel for The Brady Center
to Prevent Gun Violence*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE NATIONAL SHOOTING SPORTS FOUNDATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> B. TODD JONES, Acting Director, Bureau of Alcohol, Tobacco, Firearms & Explosives, in his official capacity, <br><br> Defendant. | Civil Action No. 1:11-cv-01401 (RMC) <br> (consolidated with 1:11-cv-01402) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION OF THE BRADY CENTER TO PREVENT GUN VIOLENCE**
<u>**FOR LEAVE TO FILE BRIEF AMICUS CURIAE**</u>

The Brady Center to Prevent Gun Violence (the "Brady Center"), by its undersigned counsel, respectfully submits this memorandum in support of its request for leave to file a brief *amicus curiae* in further support of the Defendant's Motion for Summary Judgment.[1]  Pursuant to LCvR 7(m), Counsel for Defendant consents to the relief sought in this Motion for Leave to File Brief Amicus Curiae.  Counsel for Plaintiffs, however, has refused to provide such consent.

The Brady Center is the nation's largest non-partisan, non-profit organization dedicated to reducing firearms-related deaths and injuries through education, research, and legal advocacy. Over the last twenty years, through its Legal Action Project ("LAP"), the Brady Center has filed numerous *amicus curiae* briefs in support of state and federal gun laws that operate to reduce gun violence. *See, e.g., McDonald v. City of Chicago*, 130 S. Ct. 3020 (2010); *United States v.*

---

[1] Letter from Charles Houser, Chief, National Tracing Center to Federal Firearms Licensee (July 12, 2011).

*Hayes*, 129 S. Ct. 1079, 1087 (2010) (citing amicus brief of the Brady Center); *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008); *Bateman v. Perdue*, *slip op.,* No. 5:10-CV-265-H (D.N.C. Jan. 20, 2011) (order granting application as "timely and useful").  The Brady Center brings a broad and deep perspective on issues of critical importance to the instant action, including the regulation of firearms trafficking and assault weapons.[2]  Indeed, in 2009, the Brady Center authored a major report examining how certain gaps in federal gun laws have contributed to the proliferation of gun violence by Mexican drug cartels.[3]

Here, Plaintiffs seek to enjoin the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") from requiring, through issuance of a demand letter, that certain federal firearms licensee ("FFL") dealers promptly report multiple sales of select high-powered semi-automatic rifles.[4]  Plaintiffs' request for injunctive relief is predicated on a non-textual interpretation of 18 U.S.C. § 923(g)(5)(A) that dramatically confines the ATF's authority to issue letters mandating the submission of records of firearms sales.  The Brady Center has a significant and compelling interest in the outcome of this litigation, as Plaintiffs' position runs contrary to the Center's

---

[2] *See, e.g.*, Brian J. Siebel, *Assault Weapons: "Mass Produced Mayhem,"* Brady Ctr. to Prevent Gun Violence (Oct. 2008), *available at* http://www.bradycenter.org/xshare/pdf/reports/mass-produced-mayhem.pdf; Brian J. Siebel and Elizabeth S. Haile, *Shady Dealings: Illegal Gun Trafficking From Licensed Gun Dealers*, Brady Ctr. to Prevent Gun Violence (Jan. 2007), *available at* http://www.bradycenter.org/xshare/pdf/reports/shady-dealings.pdf; Brian J. Siebel et al., *On Target: The Impact of the 1994 Federal Assault Weapon Act*, Brady Ctr. to Prevent Gun Violence (Mar. 2004), *available at* http://www.bradycenter.org/xshare/pdf/reports/on_target.pdf.

[3] *See* Jonathan Lowy et al., *Exporting Gun Violence: How Our Weak Gun Laws Arm Criminals in Mexico and America*, Brady Ctr. to Prevent Gun Violence (Mar. 2009), *available at* www.bradycenter.org/xshare/pdf/reports/exporting-gun-violence.pdf.

[4] Letter from Charles Houser, Chief, National Tracing Center to Federal Firearms Licensee (July 12, 2011).

scholarship and imperils a critically important ATF reporting requirement needed to arrest the proliferation of gun violence by Mexican drug cartels.

The Brady Center respectfully submits the accompanying brief *amicus curiae* to assist this Court's consideration of the challenged demand letter. The brief begins by presenting facts, including statistical information, that illuminate the public policy challenges underlying the ATF's decision to mandate reporting of multiple sales of certain rifles. The brief explains how a failure to modernize the ATF's tools for investigating long gun trafficking has deprived agents of the type of timely, well-developed, actionable intelligence needed to interrupt gun trafficking schemes in real time. Further details are then offered to explain how the resulting intelligence vacuum has allowed Mexican drug cartels to traffic fearsome arsenals of military-style weaponry across the border, which in turn has fueled unprecedented levels of violence and destabilized political institutions in Mexico. The brief specifically emphasizes the important role straw purchasers and gun traffickers have played in executing bulk acquisitions of high-powered semi-automatic weapons from FFL dealers in southwest border states.

Equipped with a basic understanding of the context behind the issuance of the challenged demand letter, the brief then describes the steps taken by the ATF to ensure the new reporting requirement directly matches the nature and magnitude of the current firearms trafficking crisis on the United States border with Mexico. Notably, consistent with past demand letters that the Fourth and Ninth Circuit Courts of Appeals have upheld based on the ATF's narrowly-tailored approach, the Brady Center argues that the Bureau's request has been strictly confined by factors such as geography, type of firearm, method of sale, and time of sale. *See J & G Sales Ltd. v. Truscott*, 473 F.3d 1043, 1045 n.1 (9th Cir. 2007), *cert denied*, 552 U.S. 887 (2007) (upholding the ATF's authority to issue demand letters under section 923(g)(5)(A)); *Blaustein & Reich, Inc.*

*v. Buckles*, 365 F.3d 281, 284 n.3 (4th Cir. 2004), *cert. denied*, 543 U.S. 1052 (2005) (same); *RSM, Inc. v. Buckles*, 254 F.3d 61, 63, 67-68 (4th Cir. 2001) (same).  For instance, the brief emphasizes that the demand letter only affects FFL dealers in four southwest border states that are most responsible for firearms trafficking to Mexico, and reaches only those military-style semi-automatic weapons that Mexican drug cartels most covet.  Informed by data suggesting that the cartels tend to acquire the relevant rifles through bulk purchases, the brief also describes how the ATF limited its reporting requirement to sales of multiple rifles to unlicensed persons.

      Although the Local Rules of the United States District Court for the District of Columbia do not directly address amicus briefs filings, this Court has traditionally recognized that "[a]n *amicus* brief should . . . be allowed . . . when the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Jin v. Ministry of State Security*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1064 (7th Cir. 1997)).  Indeed, pursuant to its inherent authority to grant third parties leave to file briefs as *amici*, this Court often permits such filings. *See, e.g.*, *Sherley v. Sebelius*, No. 1:09-cv-01575-RCL (D.D.C. July 27, 2011) (Dkt. Nos. 85, 86); *Achete / Neunte v. Does 1-2,094*, No. 1:10-cv-00453-RMC (D.D.C. June 6, 2010) (Dkt. No. 22).

      The Brady Center's factual discussion regarding firearms trafficking by Mexican drug cartels and narrow tailoring analysis provides precisely the type of unique information and specialized perspective that this Court has traditionally sought.  In fact, in the interest of judicial efficiency, the Brady Center's brief has been geared toward offering factual data, policy analysis, and legal arguments that are not otherwise available to the Court at this stage of the proceeding.  By promptly moving to file the accompanying brief *amicus curiae* within two business days of Defendant's filing of its motion for summary judgment, consideration of the Brady Center's brief

4

will neither cause any undue delay in the adjudication of the case nor prejudice Plaintiffs who will have ample opportunity to respond.

## CONCLUSION

Because this matter raises important issues affecting the Brady Center's central organizational mission, and because the Brady Center is uniquely situated to explain why, as a matter of public policy, the ATF's demand letter is a critical and narrowly-tailored exercise of its statutory authority, this Court should permit the filing of the accompanying brief *amicus curiae*.

Dated: September 27, 2011

Respectfully submitted,

/s/ Steven G. Reade
Steven G. Reade (D.C. Bar No. 370778 )
Aarash A. Haghighat (D.C. Bar No. 997228)
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C.  20004-1206
Telephone: 202.942.5000
Facsimile: 202.942.5999

Michael Schissel (New York Bar)
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY 10022-4690
Telephone: 212.715.1000
Facsimile: 212.715.1399

Jonathan E. Lowy (D.C. Bar No. 418654)
Daniel R. Vice (D.C. Bar No. 465905)
Brady Center to Prevent Gun Violence
Legal Action Project
1225 Eye St. NW, Suite 1100
Washington, D.C. 20005
Telephone: 202.289.7319
Facsimile: 202.371.9615

*Counsel for The Brady Center
to Prevent Gun Violence*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2011, I filed the materials listed hereafter with the Clerk of the Court using the generic court email address, and caused true and correct copies of the foregoing documents to be served upon the following counsel of record in the manner indicated below. The materials filed and served are: (i) Motion of the Brady Center to Prevent Gun Violence For Leave to File Brief Amicus Curiae ("Motion"); (ii) Memorandum of Points and Authorities in Support of the Motion; (iii) Brief Amicus Curiae of the Brady Center to Prevent Gun Violence in Support of Defendant's Motion for Summary Judgment; and (iv) [Proposed] Order regarding the Motion.

*By Electronic Mail and Federal Express*:

Andrew A. Lothson [alothson@smbtrials.com]
James B. Vogts [jvogts@smbtrials.com]
SWANSON, MARTIN & BELL, LLP
330 North Wabash Avenue
Suite 3300
Chicago, IL 60611
(312) 923-8274
*Counsel for the National Shooting Sports Foundation, Inc.*

Vincent Edward Verrocchio
VENABLE LLP
575 Seventh Street, NW
Washington, DC 20004
(202) 344-4496
Fax: (202) 344-8300
Email: veverrocchio@venable.com
*Counsel for the National Shooting Sports Foundation, Inc.*

Richard E Gardiner [regardiner@cox.net]
Stephen Porter Halbrook [protell@aol.com]
3925 Chain Bridge Road
Suite 403
Fairfax, VA 22030
(703) 352-7276
Fax: (703) 359-0938
*Counsel for J&G Sales, Ltd. and Foothill Firearms, LLC*

*By Electronic Mail Only*

Daniel Riess
U.S. DEPARTMENT OF JUSTICE
20 Massachusetts Avenue, NW
Washington, DC 20530
(202) 353-3098
Fax: (202) 616-8460
Email: daniel.riess@usdoj.gov
*Counsel for B. Todd Jones, Acting Director,*
*Bureau of Alcohol, Tobacco, Firearms & Explosives*

Lesley Farby
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs
20 Massachusetts Avenue, NW
Washington, DC 20530
(202) 514-3481
Fax: (202) 616-8470
Email: lesley.farby@usdoj.gov
*Counsel for B. Todd Jones, Acting Director,*
*Bureau of Alcohol, Tobacco, Firearms & Explosives*

Jessica Beth Leinwand
U.S. DEPARTMENT OF JUSTICE
Federal Programs
20 Massachusetts Avenue, NW
Room 7107
Washington, DC 20001
(202) 305-8628
Fax: (202) 616-8470
Email: jessica.b.leinwand@usdoj.gov
*Counsel for B. Todd Jones, Acting Director,*
*Bureau of Alcohol, Tobacco, Firearms & Explosives*

                                               /s/ Steven G. Reade
                                               Steven G. Reade